THE SWEETS COMPANY OF AMERICA, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10429. Promulgated May 20, 1947.

*Nathan Agar, C. P. A.*, for the petitioner.
*John E. Mahoney, Esq.*, for the respondent.

### OPINION.

ARUNDELL, *Judge*: This case involves excess profits tax deficiencies for the calendar years 1942 and 1943 in the respective amounts of $2,241.46 and $188.61.

The question at issue has to do with the effect upon invested capital of refunds of undistributed profits surtax paid by petitioner for 1936 and 1937.

The facts have been stipulated and are summarized in the following paragraph:

Petitioner is a corporation, with its principal office in Hoboken, New Jersey. Its tax returns for 1942 and 1943 were filed on the accrual basis with the collector of internal revenue for the fifth district of New Jersey. Petitioner computed its excess profits tax liability for those years on the basis of invested capital. Although petitioner had earn-

ings and profits for the taxable years 1936 and 1937, it had deficits in earned surplus on December 31, 1936, in the amount of $141,466.78, and on December 31, 1937, in the amount of $69,363.53. Being prohibited under state law from paying dividends during the existence of a deficit in accumulated earnings and profits, petitioner made no taxable distributions to its stockholders in 1936 and 1937. As a result, it became liable to the payment of undistributed profits surtax under section 14 of the Revenue Act of 1936. After the amendment of the Revenue Act of 1936 by section 501 of the Revenue Act of 1942, petitioner became entitled to refunds and in September 1943 agreed to a proposed overassessment of undistributed profits surtax for 1936 in the amount of $17,825.37, and for 1937 in the amount of $16,680.71, a total of $34,506.08.

In section 501 (a) of the Revenue Act of 1942, Congress amended the undistributed profits surtax provisions of the Revenue Act of 1936 by adding a provision for a credit in the case of deficit corporations in computing their undistributed net income subject to the surtax.[1] Section 501 (b) specified that the "amendments made by subsection (a) shall be effective as of the date of the enactment of the Revenue Act of 1936," and subsection (c) provided for the refund or credit of any overpayment of tax resulting from the application of the amendments if claim therefor was filed within one year from the date of enactment of the Revenue Act of 1942.

As petitioner was a deficit corporation in 1936 and 1937, the only two years when the undistributed profits surtax was in effect, it became entitled under the amendment to refunds of taxes paid in those years in the amounts above set out. The question now arising is what effect these facts have upon petitioner's invested capital for excess profits tax purposes, since petitioner computes its excess profits credit on the basis of invested capital. Under the Internal Revenue Code, one of the elements of invested capital is the accumulated earnings and profits as of the beginning of the taxable year.[2]

---

[1] Revenue Act of 1936, as amended by sec. 501 (a), Revenue Act of 1942.
"SEC. 26. CREDITS OF CORPORATIONS.
* * * *
"(c) RESTRICTION ON PAYMENT OF DIVIDENDS.
* * * * * *
"(3) DEFICIT CORPORATIONS.—In the case of a corporation having a deficit in accumulated earnings and profits as of the close of the preceding taxable year, the amount of such deficit, if the corporation is prohibited by a provision of a law or of an order of a public regulatory body from paying dividends during the existence of a deficit in accumulated earnings and profits, and if such provision was in effect prior to May 1, 1936.
* * * * * *"

[2] SEC. 718. EQUITY INVESTED CAPITAL.
(a) DEFINITION.—The equity invested capital for any day of any taxable year shall be determined as of the beginning of such day and shall be the sum of the following amounts, reduced as provided in subsection (b)—
* * * * * *
(4) EARNINGS AND PROFITS AT BEGINNING OF YEAR.—The accumulated earnings and profits as of the beginning of such taxable year;
* * * * * *

Petitioner contends, in substance, that the undistributed profits surtax which it paid for 1936 and 1937 is to be restored to its accumulated earnings and profits or invested capital as of those years because Congress made the amendments retroactive to the date of enactment of the Revenue Act of 1936. Respondent, on the other hand, contends that the amounts can not be restored to accumulated earnings and profits as of a time prior to the enactment of the Revenue Act of 1942, and can form no part of petitioner's equity invested capital prior to January 1, 1943. We think the respondent's position is correct.

The undistributed profits surtax as originally enacted contained no provision for credit in the case of a deficit corporation, and the taxes which petitioner paid for 1936 and 1937 were properly levied against it under the then existing law. *Helvering* v. *Northwest Steel Rolling Mills*, 311 U. S. 46; *Crane-Johnson Co.* v. *Helvering*, 311 U. S. 54. The amount of tax which petitioner paid in fact reduced its invested capital. At the latest, from the time the tax was paid the money was gone and not available for use in its business. Petitioner then had no claim for refund which it could accrue as an asset to replace the money paid out. Not until October 21, 1942, the date of enactment of the Revenue Act of 1942, did it acquire such a claim which it could accrue to take the place of the tax disbursements for 1936 and 1937. It is thus apparent that to treat this money as having been a part of petitioner's invested capital during the intervening years from 1936 to 1942 is to indulge in a fiction contrary to the actual facts.

Petitioner relies upon certain Bureau rulings and Board decisions under the excess profits tax laws of the first World War, to the effect that adjustments to invested capital on account of mistaken or erroneous overpayments or underpayments of tax for prior years are to be made as of the years for which the tax was due. See O. D. 1079, C. B. No. 5, July–December 1921, p. 299; *Western Wheeled Scraper Co.*, 14 B. T. A. 496; *United States Trust Co. of New York*, 13 B. T. A. 1074; *Harriet Cotton Mills*, 5 B. T. A. 734. The case of a mere erroneous overpayment of tax, however, is quite different from the situation here present. In such a case, from the moment the payment is made the corporation has an accrued asset, a receivable in the form of a claim for refund of the excess amount over the correct tax liability. To the extent of the excess, it is simply a change in the form of assets and does not affect earnings and profits so long as the claim for refund is not barred. Here, when the petitioner paid its tax for 1936 and 1937, there was no overpayment; and it had no claim whatever to recover the tax until Congress gave it that right in 1942.

The 1942 amendment is a relief measure and should, of course, be liberally construed in order to accomplish the purpose of the legislators. *United States* v. *Ogilvie Hardware Co.*, 330 U. S. 709.

But the only purpose disclosed in the legislative history[3] in connection with the particular amendment here involved was to permit deficit corporations to obtain refunds or credits of the taxes they had paid for 1936 and 1937, and the amendment was made retroactive for that purpose. There is nothing to show that Congress had in mind the effect of such refunds upon invested capital for excess profits tax purposes. By securing refunds of the tax which it paid, petitioner has obtained exactly the relief which Congress intended it should have. We do not feel at liberty to enlarge the scope of the 1942 amendment to cover a situation not within the minds of the legislators, or to speculate as to what Congress might have done if it had considered the matter.

We conclude that the refunds in question were not a part of the petitioner's accumulated earnings and profits on January 1, 1942, and therefore form no part of its invested capital for 1942. Respondent agrees that the refunds are includible in invested capital for 1943. It appears that some adjustments may be in order on account of interest due on the refunds, and so,

*Decision will be entered under Rule 50.*

---

[3] See S. Rept. No. 1631, 77th Cong., 2d sess., 1942-2 C. B. 683, and the Supreme Court's discussion of this matter in the *Ogilvie Hardware* case.