Hamilton Manufacturing Company v. Commissioner.
Hamilton Mfg. Co. v. Commissioner
Docket No. 12443.
United States Tax Court
1947 Tax Ct. Memo LEXIS 22; 6 T.C.M. (CCH) 1269; T.C.M. (RIA) 47322; December 9, 1947
Leland W. Scott, Esq., for the petitioner. T. A. Steele, Jr., Esq., for the respondent. HARLAN Memorandum Opinion HARLAN, Judge: The respondent determined a deficiency of $1,143.32 in Federal excess profits tax due from this petitioner for the taxable year 1943. The sole question presented is whether petitioner, on the accrual basis, may, in computing equity invested capital, include in accumulated earnings and profits as of the beginning of the calendar year 1943, the post-war refund credit provided by section 780, I.R.C.
We adopt the stipulation filed herein as our findings of fact. [The Facts] The petitioner is a corporation organized and existing by virtue of the laws of the State of Minnesota with its principal office at 413 South Fifth Street, Minneapolis, *23 Minnesota. Petitioner's income and excess profits tax returns for the year ended December 31, 1943, were filed with the collector of internal revenue, St. Paul, Minnesota. Petitioner keeps its books and renders its income and excess profits tax returns on the basis of the accrual method of accounting based on invested capital and did so during each of the calendar years 1942 and 1943. In its excess profits tax return for the taxable year ended December 31, 1942, petitioner disclosed an excess profits tax in the amount of $117,932.91. This tax was duly paid during the calendar year 1943 and a post-war refund as to such payment has been allowed of $11,793.29 pursuant to section 780 (a) of the Internal Revenue Code, as amended. Thereafter, to wit, in November 1945, the Commissioner determined a deficiency in excess profits tax against the petitioner for the taxable year ended December 31, 1942, in the amount of $35,489.06, and this amount was paid on November 29, 1945, as follows: $31,909.51 in cash, $3,548.91 by credit for post-war refund, and credit for overpayment of income tax of $30.64. The deficiency of $35,489.06 was assessed on Commissioner's February *24 1946 Special list # 1. In computing petitioner's equity invested capital in the notice of deficiency, post-war refunds of excess profits tax in the amounts of $11,793.29 and $3,548.91 were not included in accumulated earnings and profits as of the beginning of the taxable year ended December 31, 1943. [Opinion] In Altschul's, Inc., 9 T.C. No. 94, promulgated October 15, 1947, this Court held that a taxpayer which kept its books and filed its returns on an accrual basis, and which, in computing equity invested capital, accrued as liabilities for its fiscal year ended January 31, 1943, income taxes and excess profits taxes for that year which were paid in the following year, properly accrued as an asset in this fiscal year and included in its accumulated earnings and profits as of the beginning of the fiscal year ended January 31, 1944, the post-war refund credit provided by section 780, I.R.C.
While we think the above decision is controlling of the issue presented in this proceeding, respondent on brief indicates that he is of the opinion that different treatment should be accorded the post-war refund credit resulting from his determination *25 in November, 1945, of a deficiency in petitioner's excess profits tax for the year 1942, in the amount of $35,489.06, and the subsequent payment of this deficiency on November 29, 1945. The credit for post-war refund of $3,548.91 was used at that time to satisfy a part of the deficiency. Section 3 (f) of the Tax Adjustment Act of 1945, enacted July 31, 1945, amended section 781 (c), I.R.C., to provide that on or after July 1, 1945, the post-war credit attributable to the payment of excess profits tax, or a deficiency in respect of such tax, should be paid to the taxpayer in cash. Respondent urges that to ask this Court to hold that the post-war credit of $3,548.91 was an asset in 1942 prior to its very existence so far as this petitioner is concerned, is to ask us to enlarge the scope of the provisions of sections 780 and 781 of the Internal Revenue Code, as amended, "* * * to cover a situation not within the minds of the legislators, or to speculate as to what Congress might have done if it had considered the matter." The quoted language is taken from the opinion of this Court in The Sweets Company of America, Inc., 8 T.C. 1104. *26 In that case, section 501 of the Revenue Act of 1942 retroactively amended the Revenue Act of 1936 with the result that the petitioner therein became entitled to refunds of undistributed profits surtax paid for the taxable years 1936 and 1937 because of the retroactive amendment of the Revenue Act of 1936 by section 501 of the Revenue Act of 1942. The issue involved in that case was whether the petitioner could include such refunds in its accumulated earnings and profits of 1936 and 1937. We held that it could not, pointing out that when the petitioner paid its tax for 1936 and 1937, there was no overpayment and that it had no claim whatever to recover the tax until Congress gave it that right in 1942. That is not the situation in the instant proceeding as petitioner had a fixed right to a post-war refund credit of 10 per cent in 1942 under the provisions of section 780 (a), I.R.C., and the only effect of the 1945 amendment of section 781 (c), supra, was to provide that the medium of payment of this credit was to be cash, rather than bonds, after July 1, 1945. Upon the authority of Altschul's, Inc., supra, we hold that the petitioner is entitled, *27 in computing equity invested capital, to accrue and include in accumulated earnings and profits as of the beginning of the calendar year 1943, the post-war refund credits of $11,793.29 and $3,548.91. Decision will be entered under Rule 50.